UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────

Dontie S. Mitchell; Gyvon Roberts;
Ishmael G. Reyes; and those
similarly situated,

              Plaintiffs,

    - vs -

Andrew M. Cuomo, Governor; Anthony
J. Annucci, Acting Commissioner;
Patrick D. Reardon, Superintendent;
SORC Colbert; C.O. Brown; C.O. Mead;
C.O. Smallbone; C.O. Barshaw; C.O. Z;
C.O. John Doe #1; C.O. John Doe #2;
C.O. John Doe #3; and C.O. Jane Doe
#1,

              Defendants.
────────────────────────────────

**COMPLAINT**
(Class Action)

Docket No. 9:20-cv-1407



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 16 2020
AT____O'CLOCK____
John M. Domurad, Clerk - Syracuse

Plaintiffs, for themselves and all other members of the class described herein, allege:

## INTRODUCTION

This is a civil rights action for damages and injunctive relief under 42 U.S.C. §1983, alleging the violation of their rights as guaranteed under the United States Constitution.

## JURISDICTION

1. The Court has jurisdiction over the plaintiffs' claims under 42 U.S.C. §§ 1331(1) and 1343.

## PARTIES

2. Plaintiffs Dontie S. Mitchell ("Dontie"), Gyvon Roberts ("Gyvon"), and Ishmael G. Reyes ("Ishmael"), were all incarcerated at Marcy Correctional Facility ("Marcy") during the events described herein this complaint, and they are prisoners in the custody of the New York State Department of Corrections And

1.

Community Supervision ("DOCCS").

3. Defendant Andrew M. Cuomo is the Governor of the State of New York. As such, he has chief executive authority over DOCCS and therefore has the power to remedy the unconstitutional practices, policies, customs, and acts occurring at Marcy. He is sued in his official capacity.

4. Defendant Anthony J. Annucci is the Acting Commissioner of DOCCS. As such, he is responsible for the overall management and policies of DOCCS and too has the power to remedy the unconstitutional practices, policies, customs, and acts occurring at Marcy. He is sued in his official capacity.

5. Defendant Patrick D. Reardon is the Superintendent of Marcy and therefore is in charge of the overall management of Marcy, including being responsible for the proper training and supervision of Marcy staff. He is sued in his official and individual capacities.

6. Defendant Colbert is a Senior Offender Rehabilitation Coordinator at Marcy. He is sued in his official and individual capacities.

7. Defendants Brown, Mead, Smallbone, Barshaw, Z, John Doe #1, John Doe #2, and Jane Doe #1 are correctional officers who work in the Marcy small SHU. Collectively they are referred to herein as "SHU officers." They are sued in their individual capacities.

8. Defendant John Doe #3 is a correctional officer at Marcy. He is sued in his individual capacity.

### CLASS ACTION ALLEGATIONS

9. This action is brought by the plaintiffs, on their own behalf and on behalf of all others similarly situated, under Rule 23(a) and (b), Fed. R. Civ. P.. The plaintiffs' class is comprised of those prisoners in DOCCS custody who are, were, or will be housed in the Marcy small SHU; and who are, were, or will be adversely affected by the unconstitutional practices, policies, customs, or acts described in

2.

this complaint. There are common questions of law and facts affecting the rights of members of this class who are, were, and continue to be subjected to the continuous, ongoing, wanton, and intentional violation of their human dignity, their basic human needs, and their rights guaranteed under the First, Eighth, and Fourteenth Amendments of the United States Constitution. These common questions predominate over any questions affecting only individual members of this class. These persons are so numerous that joinder of all members is impracticable. A common relief is sought. The interests of this class will be adequately represented by the plaintiffs. Defendants have acted or refused to act on grounds generally applicable to the class. Under these circumstances, the common interests of the class are such that any interest of the individual members of the class is completely out-weighted by the desirability of concentrating the controversy in a single forum and a class action is superior to any other available method for the fair and efficient adjudication of this controversy.

## FACTS APPLICABLE TO THE CLASS GENERALLY

10. It is now common knowledge that solitary confinement causes those prisoners subjected to it many negative psychological problems, including: severe and chronic depression, anxiety, lack of impulse control, self-mutilation, decreased brain function, hallucinations, and revenge fantasies. Some prisoners subjected to solitary confinement develop clinical symptoms associated with psychosis or severe mental disorders. And abuse and mistreatment by guards in solitary confinement exacerbate these psychological problems.

11. Governor Cuomo recognizes the negative psychological effects of solitary confinement on prisoners and recognizes DOCCS overuses it; therefore, he entered into a Joint Agreement on June 20, 2019 with New York State Senate Majority Leader Andrea Stewart-Cousins and New York State Assembly Speaker Carl Heastie to overhaul the use of solitary confinement by DOCCS, such as reducing the maximum duration a prisoner can be kept in solitary confinement and limiting its use to prisoners whose conduct poses an unreasonable risk to the health, safety and security of a correctional facility and the individuals therein.

3.

12. The aforementioned Joint Agreement has upset correctional officers who now are engaging in a pattern of fabricating misbehavior reports against prisoners, accusing prisoners of serious misconduct they did not commit. Often, correctional officers will spray prisoners with pepper spray, assault them, and then accuse the prisoner of threats or making threatening gestures. Many correctional officers will provoke and antagonize prisoners to attack them. This is a frequent occurance at Marcy, and its small SHU is filled with a few prisoners who have either been set up, attacked, or provoked by correctional guards or who have been targeted for writing grievances or letters of complaint.

13. SHU stands for Special Housing Unit, which is solitary confinement or what DOCCS now terms "segregated confinement." Prisoners in the Marcy small SHU are confined to an enclosed cell 23-24 hours a day. The cells have doors with small windows and the cell window have heavy screens on them and are hard to see out of. The cell light cannot be controlled by the prisoner in them, and so the cell light stays on all day from 6:00 a.m. to 11:00 p.m.. At 11:00 p.m., a dim night light comes on that is still too bright. Due to the light staying on all day and a bright night light staying on all night, the prisoners in the Marcy small SHU suffer from sleep deprivation. Further, often the vents in their cells are turned on all day and all night. The vent is extremely loud, sounding like an old muffler that knocks and bangs. The SHU officers turn it on to torture the prisoners.

14. The prisoners in the small SHU are not provided with washclothes, razors, or combs. New admissions who are Black or Hispanic are left in the SHU cell for hours without a blanket, sheets, toilet tissue, toothbrush, or toothpaste.

15. From November 3rd to November 12th of 2020, new admissions to the SHU, especially if they are Black or Hispanic, have been denied their legally mandated initial phone call.

16. Prisoners in the small SHU are not allowed to talk to one another. If they do, they are not fed and denied outside

4.

recreation for days. Other times they are sprayed with a fire extinguisher or physically assaulted. If they stop a supervisor or any authority figure to complain, or they write a grievance or letter of complaint, they are subjected to these same abuses. It is a regular occurance for the SHU officers not to fed the prisoners in the SHU and to deny them recreation, spray them with a fire extinguisher or physically assault them. Every SHU officer does this or is aware ~~that~~ their co-workers do but will do nothing to stop it.

17. The atmosphere in the small SHU is one of violence, ~~and~~ racism, and intimidation. The SHU officers, especially Mead, Smallbone, and John Doe #1, deliberately terrorize the prisoners in the small SHU, especially Black and Hispanic prisoners.

18. Prisoners placed in the small SHU at Marcy often have their personal property intentionally and wantonly destroyed or discarded by the correctional officers tasked to pack up their property in their previous housing location and to transfer it to the small SHU. This is a regularly occurance at Marcy generally known by staff and prisoners alike.

19. As a result of this, prisoners placed into Marcy small SHU have lost thousands of dollars of personal property because of the intentional and wanton destruction and disposal of their personal property by correctional officers.

20. Superintendent Reardon has full knowledge and awareness of the abuse and mistreatment of the prisoners in the small SHU and of their property as described in paragraphs 10 to 19. He has witnessed it first-hand during his rounds in the small SHU. He has ordered that prisoners in the small SHU not be fed or "smacked around." He has received and read numerous complaints from prisoners in the small SHU about their abuse and mistreatment but he recklessly fails to act.

21. The plaintiffs and the other prisoners in the small SHU are constantly in fear or constantly anxious. They are afraid to stop the SHU officers, their superiors, or the Executive Team in fear of retaliation. Often times when they do stop the SHU officers for

5.

help, they are ignored. If a prisoner in the small SHU has a serious medical emergency or mental health crisis, they are often ignored or ridiculed by SHU officers and thereby suffer grave harm. As the SHU officers are fond of saying, "I'm not a fucking social worker!"

## EXPERIENCES OF NAMED PLAITIFFS

21. Dontie was admitted to Marcy small SHU on November 3, 2020. John Doe #2 deliberately kept Dontie in the cold SHU cell for several hours without no blanket, sheets, or toilet tissue. Dontie was forced to defecate with no way to clean himself. He laid for hours on the bare mattress shivering and unable to sleep. He was scared to ask for help because John Doe #2 told him prior if he yelled out the cell or stopped anyone for assistance that he would not eat for several days. Dontie had a severe anxiety attack that left him emotionally drained and under psychological distress because he hyperventilated, struggled to breath, and felt like he was dying.

22. On November 8, 2020, John Doe #3 turned on the vent in Dontie's cell late at night while Dontie tried to sleep. The vent was excessively loud, knocking and grinding. Dontie could not sleep and suffered another severe anxiety attack. He begged John Doe #3 to turn the vent off to which John Doe #3 stated, "How 'bout I come in there and beat the shit out of you?!" So, Dontie waited until the late night officer came on, who happened to be Jane Doe #1. Dontie asked her to "please shut the vent off" because he could not sleep to which she responded, "Shut the fuck up or you won't eat breakfast!" So, Dontie suffered the entire night and two more nights after when the vent was turned on again.

23. The light remains on all day in Dontie's cell, making sleep difficult even when the vent is not on.

24. Dontie is constantly fearful and anxious he will not get fed, let out for outside recreation, or will be physically assaulted. He also fears he may need emergency medical attention and not get it because the SHU officers

6.

do not like responding to cries for help.

25. On November 9, 2020, Colbert commenced a Tier III disciplinary in the small SHU with Dontie present to consider a misbehavior report lodged against Dontie.

26. During the hearing, Dontie informed Colbert that Colbert was obligated to dismiss the misbehavior report because the rule violation for which he was charged is being unconstitutionally applied to him. Dontie informed Colbert that a prison official can be legally liable for failing to correct a constitutional wrong they are in a position to correct. Dontie also asked Colbert if Colbert can look into his missing legal papers.

27. After the hearing, Colbert had a conversation with Mead, Smallbone, and Brown during which he told them what Dontie said at the hearing. Colbert ridiculed Dontie for being a "jailhouse lawyer"; for telling him he could be "liable if I violated his constitutional rights"; and for asking him for help learning what happened to my missing property "as if I care." Colbert then has a big laugh with them about all of this as if it were a big joke.

28. While Colbert was leaving, Mead, Smallbone, and Brown began ridiculing and threatening Dontie. They tell him, "Oh, we better not violate his constitutional rights?" They say, "You start with that jailhouse shit in here you'll see how far that shit gets ya! The court ain't gonna feed you when we don't!" Smallbone tells Dontie, "Nobody gives a fuck about your property! Don't come to the Box scumbag!" And she tells Dontie she better not hear "shit else" about his property. This experience left Dontie distressed and fearful.

29. On November 4, 2020, C.O. Z pepper sprayed Ishmael and slapped him across the face. He then had Ishmael placed in the Marcy small SHU on the lie that Ishmael violated disciplinary rules. In truth, C.O. Z just did not like Ishmael.

30. When admitted to the small SHU, Ishael was left in

the SHU cell for several hours with no blanket, sheets, toilet tissue, toothpaste, or toothbrush. He was not given a pen for 8 days, so he could not request supplies, outside recreation, or write his family. He was not given his initial legally mandated phone call. And he was not given any headsets, so he could not use the tablet phone on Saturday.

31. On November 8, 2020, John Doe #3 and Barshaw physically assaulted Ishmael, who is only 19 years old and has a stunted left arm due to cerebral palsy.

32. On November 6th, 7th and 8th in 2020, both Ishmael and Gyvon were not fed as punishment for talking quietly to each other. They were also sprayed numerous times with fire extinguishers. These acts were committed by the SHU officers on.

33. On or around November 3, 2020, John Doe #1 was sent to Dorm C2 to pack up Dontie's personal property after Dontie was placed into Marcy small SHU. John Doe #1 intentionally and wantonly discarded Dontie's active legal work, including notes, discovery documents, and independently procured evidence that will be difficult to replace. Also discarded was some of Dontie's letters, books, food, and academic reference materials.

34. Dontie learned about his missing property on November 6, 2020 when he was taken to view the property of his that made it to the small SHU behind him.

35. Gyvon too had his personal property destroyed or discarded when he too was sent to Marcy small SHU.

## CAUSES OF ACTION

36. Prisoners, especially Black and Hispanic prisoners, housed in Marcy small SHU are continuously subjected to a pattern of cruel and unusual punishment and to retaliation for speech in violation of the First and Eighth Amendments of the United States Constitution.

37. The unconstitutional and racist conditions in Marcy small SHU have caused the plaintiffs and the plaintiffs' class physical and emotional injury.

38. Superintendent Reardon has intentionally, or through deliberate indifference, created or allowed a policy and custom where prisoners, especially Black and Hispanic prisoners, placed in Marcy small SHU are subjected to abuse and mistreatment by the SHU officers and have their personal property intentionally and wantonly destroyed or discarded, in violation of the First, Eighth, and Fourteenth Amendments of the United States Constitution.

39. The SHU officers have intentionally and wantonly inflicted physical and emotional injury on the plaintiffs and the plaintiffs' class by subjecting them to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

40. The SHU officers have conspired to deprive the plaintiffs and the plaintiffs' class of their rights to freedom of speech and to petition for redress of their grievances by using physical harm and intimidation to prevent them from talking to one another and from complaining about their treatment. This violates the First Amendment of the United States Constitution.

41. In violation of the First Amendment of the United States Constitution, Defendants Colbert, Brown, Mead, and Smallbone retaliated against Dontie for putting forth a defense during his Tier III hearing and asking Colbert for assistance in learning what happened to his property.

42. In violation of Dontie's right to due process as guaranteed under the Fourteenth Amendment of the United States Constitution, Defendant Colbert is a biased hearing officer conducting Dontie's hearing.

43. Defendant John Doe #1 deliberately destroyed and discarded Dontie's personal property with intent to cause Dontie emotional pain. This violates Dontie's rights to be free from cruel and unusual punishment and to due process as guaranteed under

the Eighth and Fourteenth Amendments of the United States Constitution.

**WHEREFORE**, plaintiffs request that the court grant the following relief:

1. A declaratory judgment that the defendants have violated the United States Constitution as described herein.

2. A declaratory judgment that the conditions in Marcy small SHU constitute cruel and unusual punishment in violation of the Eighth Amendment of the ~~U.S.~~ United States Constitution.

3. An injunction ordering Cuomo and Annucci to: a) reassign all current SHU officers in Marcy small SHU and assign new SHU officers; b) require all SHU officers in Marcy small SHU to wear body cams; c) install cameras and mics throughout March small SHU; d) require members of Marcy Executive Team to conduct daily rounds in Marcy small SHU to check-in on and speak with the prisoners housed therein; e) require the Supervisor of the Inmate Grievance Program at Marcy to make rounds at least twice a week; and f) make it possible for prisoners housed in the small SHU to electronically file grievance complaints using ~~the~~ tablets.

4. An injunction ordering Annucci to assign a new hearing officer to conduct a new Tier III hearing on the misbehavior report Dontie received.

5. Award compensatory damages to the plaintiffs and the plaintiffs' class for their destroyed and discarded property.

6. Award punitive damages to the plaintiffs and the plaintiffs' class for the wanton and intentional physical and emotional injuries the defendants inflicted upon them.

7. Grant such other relief as it may appear that the plaintiffs and the plaintiffs' class are entitled.

Pursuant to 28 U.S.C. § 1746, we, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2020

_____
Dontie S. Mitchell #98A0071

Dated: _____

_____
Gyvon Roberts #18A1052

Dated: _____

_____
Ishmael G. Reyes #20B

11.