UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DONTIE S. MITCHELL,

                Plaintiff,

           - against -

JPAY, LLC; B. MCCLOSKEY, FOOD SERVICE
ADMINISTRATOR AT FISHKILL
CORRECTIONAL FACILITY; SGT. D.
PAUSELIUS, SERGEANT AT FISHKILL C.F.,

                Defendants.
-----------------------------------------------------------X

21 Civ. 9070 (NSR)


# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT


LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street - 18th Floor
New York, NY 10005
(212) 416-8621

Stamatios N. Lathourakis
Assistant Attorney General
    of Counsel

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT PROCEDURAL FACTS ..................................................................................... 2

STATEMENT OF THE ALLEGATIONS ................................................................................ 2

STANDARD OF REVIEW ........................................................................................................ 3

ARGUMENT ............................................................................................................................... 4

    POINT I  PLAINTIFF'S DUE PROCESS AND FIRST AMENDMENT RIGHTS WERE NOT VIOLATED ............................................................................................................ 4

        A.   Plaintiff's Due Process Rights Were Not Violated at His Disciplinary Hearing. ........... 4

        B.   Plaintiff Failed to Allege a Deprivation of his Liberty Interest Based Upon the Punishment Imposed ................................................................................................. 5

        C.   Plaintiff Has No Right to Be Free from False Accusations. ........................................... 8

        D.   Plaintiff's Participation In UFD Is Not Constitutionally Protected ............................... 9

    POINT II  PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT ...................................................................................... 10

    POINT III  PLAINTIFF'S STATE-LAW CLAIMS MUST BE DISMISSED ......................... 10

    POINT IV  PLAINTIFF'S REQUEST FOR UNSPECIFIED INJUNCTIVE RELIEF SHOULD BE DISMISSED ......................................................................................... 11

    POINT V STATE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ............ 11

CONCLUSION .......................................................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 2-4

*Baker v. Coughlin*,
  77 F.3d 12 (2d Cir. 1996) ............................................................................................. 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 3

*Boddie v. Schnieder*,
  105 F.3d 857 (2d Cir. 1997) ........................................................................................... 8

*Bolden v. Alston*,
  810 F.2d 353 (2d Cir. 1987) ......................................................................................... 10

*Booker v. Graham*,
  974 F.3d 101 (2d Cir. 2020) ......................................................................................... 11

*County of Sacramento v. Lewis*,
  523 U.S. 833 (1998) (the "first step" in a § 1983 action "is to identify the
  exact contours of the underlying [constitutional] right said to have been
  violated") ........................................................................................................................ 4

*Davis v. New York*,
  316 F.3d 93 (2d Cir. 2002) ........................................................................................... 10

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ........................................................................................... 2

*Genier v. Vanarnum*,
  No. 13-CV-1460, 2016 WL 4507456 (N.D.N.Y. June 20, 2016) ................................... 6

*Gunst v. Seaga*,
  No. 05 Civ. 2626, 2007 WL 1032265 (S.D.N.Y. March 30, 2007) ................................ 4

*Hattley v. Goord*,
  No. 02 CIV. 2339 (WHP), 2006 WL 785269 (S.D.N.Y. Mar. 27, 2006) ....................... 6

*Jabot v. MHU Counselor Roszel*,
  No. 14 ............................................................................................................................ 5, 8

*Jackson v. County of Rockland*,
  450 Fed. Appx. 15 (2d Cir. 2011) ................................................................................... 3

*Luckett v. Bure*,
    290 F.3d 493 (2d Cir. 2002).................................................................................................3

*Makarova v. U.S.*,
    201 F.3d 110 (2d Cir. 2000)..................................................................................................3

*Malik v. Meissner*,
    82 F.3d 560 (2d Cir. 1996)....................................................................................................3

*Messerschmidt v. Millender*,
    565 U.S. 535, 132 S. Ct. 1235 (2012)..................................................................................12

*O'Diah v. Artus*,
    No. 10-CV-6705, 2013 WL 1681834 (W.D.N.Y. Apr. 17, 2013)..........................................6

*Olutosin v. Lee*,
    No. 14-CV-685 (NSR), 2016 WL 2899275 (S.D.N.Y. May 16, 2016).................................11

*Pearson v. Callahan*,
    555 U.S. 223 (2009)....................................................................................................... 12-13

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984)...............................................................................................................10

*Porat v. Lincoln Towers Community Ass'n.*,
    No. 04-cv-3199 (LAP), 2005 WL 646093 (S.D.N.Y. Mar. 17, 2005)..................................11

*Prins v. Coughlin*,
    76 F.3d 504 (2d Cir. 1996)..................................................................................................11

*Quern v. Jordan*,
    440 U.S. 332 (1979).............................................................................................................10

*Reichle v. Howards*,
    566 U.S. 658, 132 S. Ct. 2088 (2012)............................................................................ 12-13

*Rivera v. Wohlrab*,
    232 F. Supp. 2d 117 (S.D.N.Y. 2002).................................................................................10

*Sira v. Morton*,
    380 F.3d 57 (2d Cir. 2004)....................................................................................................5

*Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision*,
    268 F. Supp. 3d 453 (W.D.N.Y. Aug. 3, 2017) ....................................................................5

*Vogelfang v. Capra*,
    889 F. Supp. 2d 489 (S.D.N.Y. 2012)...................................................................................6

*White v. Pauly*,
  137 S. Ct. 548, 196 L. Ed. 2d 463..................................................................................... 12-13

*Willey v. Kirkpatrick*,
  801 F.3d 51 (2d Cir. 2015).....................................................................................................8

**CONSTITUTION**

First Amendment ............................................................................................................ 1, 4, 9-10

Fourth Amendment ....................................................................................................................13

Eleventh Amendment.................................................................................................................10

Fourteenth Amendment ...............................................................................................................1

**STATE STATUTES**

*N.Y. Corr. Law*
  *§ 24*..........................................................................................................................................11

**FEDERAL STATUTES**

*42 U.S.C.*
  *§ 1983*............................................................................................................................. 1, 10-11

**STATE REGULATIONS**

7 N.Y.C.R.R.
  § 270.2......................................................................................................................................9

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 8.........................................................................................................................3

Fed. R. Civ. P. 12(b)(6).........................................................................................................1, 3

Fed. R. Civ. P. 12(b)(1).................................................................................................... 3, 10-11

**NEW YORK CODES, RULES AND REGULATIONS**

Rule 105.14.............................................................................................................................2, 9

Rule 113.23.............................................................................................................................2, 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONTIE S. MITCHELL,                                      :
                                                         :
                         Plaintiff,                    :
                                                         :         21 Civ. 9070 (NSR)
            - against -                                :
                                                         :
JPAY, LLC; B. MCCLOSKEY, FOOD SERVICE                    :
ADMINISTRATOR AT FISHKILL                                :
CORRECTIONAL FACILITY; SGT. D.                           :
PAUSELIUS, SERGEANT AT FISHKILL C.F.,                    :
                                                         :
                         Defendants.                   :
------------------------------------------------------------X

**PRELIMINARY STATEMENT**

Defendants Food Service Administrator ("FSA") Robert McCloskey and Sergeant Daniel Pauselius (collectively "Defendants"), current employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their Motion to Dismiss the Amended Complaint ("AC"), *Dkt. No. 21*, pursuant to Fed. R. Civ. P. 12(b)(6).

*Pro se* plaintiff Dotie S. Mitchell brings this *42 U.S.C. § 1983* action alleging he was issued a false misbehavior report presumably in violation of his Fourteenth Amendment rights. *See AC generally*. As discussed below, however, to the extent plaintiff attempts to allege a constitutional violation, he has failed to allege any claim of relief and the AC should be dismissed. Plaintiff also fails to allege a violation of his First Amendment rights.  In any event, even if plaintiff had alleged any claim of relief, the AC should still be dismissed because it fails to allege FSA McCloskey and Sergeant Daniel Pauselius personal involvement, and, at a minimum, entitled to qualified immunity.

1

## RELEVANT PROCEDURAL FACTS

In November 2020, plaintiff commenced this action in the Northern District of New York ("NDNY"). On May 20, 2021, the Court issued a decision and order dismissing plaintiff's claims without prejudice for a failure to state a cause of action. On November 3, 2021, plaintiff filed the AC. Also on November 3, 2021, the Honorable Thomas J. McAvoy severed and transferred the instant claims to the Southern District, as they arise at Fishkill Correctional Facility in this district, and dismissed all other claims with prejudice. S *Dkt. No. 23*.[1]

## STATEMENT OF THE ALLEGATIONS[2]

As relates to the claims against the moving defendants, plaintiff, Dontie Mitchell, a former incarcerated individual, alleges that he founded the Ujamaa Fraternal Dynasty ("UFD") while incarcerated in a DOCCS facility. *AC ¶ 26-27*. According to plaintiff, DOCCS classified UFD as an unauthorized organization. *AC ¶ 38*.

On July 22, 2021, while plaintiff was incarcerated at Fishkill Correctional Facility ("Fishkill"), Sergeant Pauselius purportedly confiscated an unspecified UFD "picture/poster". *AC ¶ 149*. "A few days later", Sergeant Pauselius issued plaintiff a misbehavior report charging him with violating Rule 105.14 (unauthorized organization) and Rule 113.23 (possession of contraband). *AC ¶ 151-52 & 155*.

On August 2, 2021 FSA McCloskey purportedly presided over plaintiff's disciplinary hearing regarding the misbehavior report issued by Sergeant Pauselius. *AC ¶ 156*. Following the

---

[1] In addition to FSA McMcCloskey and Sgt. Puaselius, plaintiff also purports to bring Fishkill claims against Defendant JPay, LLC, a private entity. JPay has not appeared in this action, but, in any event, is not represented by this Office.

[2] The facts in plaintiff's AC are recounted herein for purposes of this Motion only without conceding their veracity or plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts herein are also taken from the exhibits to the AC, which are properly considered on a motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

2

conclusion of that hearing, plaintiff claims that FSA McCloskey sentenced him to 75-days of suspended solitary confinement and a loss of unspecified privileges. *AC ¶ 158.*

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations omitted). Therefore, while a *pro se* plaintiff's pleading must be "construe[d]…liberally", the plaintiff, *pro se* or not, must still allege more than "merely conclusory allegations masquerading as factual conclusions." *Jackson v. County of Rockland*, 450 Fed. Appx. 15, 18 (2d Cir. 2011). Failure to do so, violates the pleading requirements under Fed. R. Civ. P. 8 which "demand[s] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 556 U.S. at 678. Moreover, "naked assertion[s]" devoid of "further factual enhancement" or a complaint which merely provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. According, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir. 2000). Unlike a Rule 12(b)(6) motion, a plaintiff opposing a Rule 12(b)(1) motion "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.; see also Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir.

3

2002); *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Gunst v. Seaga,* No. 05 Civ. 2626, 2007 WL 1032265, at *2 (S.D.N.Y. March 30, 2007) (quoting *Shipping Fin. Serv. Corp. v. Drakos,* 140 F.3d 129 (2d Cir. 1998)).

## ARGUMENT
## POINT I
## PLAINTIFF'S DUE PROCESS AND FIRST AMENDMENT RIGHTS WERE NOT VIOLATED

Plaintiff's AC should be dismissed in this action because it contains a only series of conclusory allegations devoid of factual enhancement, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that fail to set forth any discernable legal theory against either FSA McCloskey or Sgt Pauselius. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998) (the "first step" in a § 1983 action "is to identify the exact contours of the underlying [constitutional] right said to have been violated") (citations omitted). To the extent plaintiff attempts to allege a due process violation, he has failed to do so here. As such, the AC should be dismissed for the reasons set forth below.

### A. Plaintiff's Due Process Rights Were Not Violated at His Disciplinary Hearing.

Assuming that plaintiff is attempting to allege that any violation occurred at his disciplinary hearing, plaintiff has failed to identify what process, if any, was denied to him. As explained by the Second Circuit, the only process that an incarcerated individual is due at a prison disciplinary hearing is as follows:

> The due process protections afforded a prison inmate do not equate to "the full panoply of rights" due to a defendant in a criminal prosecution. *Wolff* [*v. McDonnell*, 418 U.S. 539, 556 (1974)]. Notably, there is no right to counsel or to confrontation at prison disciplinary hearings. *See id.* at 567-70, 94 S. Ct. 2963. Nevertheless, an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer, and a written statement of the disposition; including the evidence relied upon and the reasons for the

4

disciplinary actions taken.

*Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004); *see also Jabot v. MHU Counselor Roszel*, No. 14 CV 3951 (VB), 2016 WL 6996173, at *8 (S.D.N.Y. Nov. 29, 2016). In this matter, plaintiff makes no allegations to establish that he did not receive all the process he was due. Rather, plaintiff merely alleges that the disciplinary hearing was not decided in a manner which he deemed acceptable. However, this is not a right enumerated under *Wolff* (418 U.S. at, 556). Indeed, the AC lacks any non-conclusory allegations from which it could possibly be inferred that plaintiff did not receive prior written notice of the disciplinary charges against him, did not have a reasonable opportunity to call witnesses or to present documentary evidence, did not have a fair and impartial hearing officer, and did not have a written explanation of the grounds for the disposition of the hearing.

To the extent plaintiff is claiming that he should not have been disciplined for possessing UFD material in the first place, as discussed by the Honorable Thomas J. McAvoy in the Court's Decision and Order dated November 3, 2021, plaintiff has no constitutional right to possess material which he admitted was prohibited. *Dkt # 23, pg. 13* (citing *Zimmerman v. Racette*, No. 917CV375 (TJM/CFH), 2020 WL 3038275, at *21 (N.D.N.Y. Jan. 24, 2020), report and recommendation adopted, 2020 WL 1329138 (N.D.N.Y. Mar. 23, 2020).

Therefore, plaintiff has failed to allege any due process violation occurred at his disciplinary hearing and to the extent this claim may be liberally interpreted as having been plead, should be dismissed accordingly. *See Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision*, 268 F. Supp. 3d 453, 457 (W.D.N.Y. Aug. 3, 2017) (dismissing plaintiff's claims because they were "at best, conclusory and fail[ed] to raise the specter of relief beyond the speculative level").

**B. Plaintiff Failed to Allege a Deprivation of his Liberty Interest Based Upon the Punishment Imposed**

Plaintiff's entitlement to due process depends on the deprivation of a liberty interest, which

5

plaintiff fails to show. For prison disciplinary proceedings, incarcerated individuals demonstrate a liberty interest by showing the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Genier v. Vanarnum*, No. 13-CV-1460, 2016 WL 4507456, at *4 (N.D.N.Y. June 20, 2016) (quoting *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)(internal quotation marks omitted). A claim alleging atypical and significant hardship, cannot survive a motion to dismiss if the plaintiff has failed to allege any factual details to plausibly infer that the confinement imposed triggered a liberty interest. *See O'Diah v. Artus*, No. 10-CV-6705, 2013 WL 1681834, at *2-3 (W.D.N.Y. Apr. 17, 2013) (holding "to survive a motion to dismiss, [on a theory of harsh conditions of confinement,] the plaintiff must still plead a facially plausible claim" and although the plaintiff alleged he was confined for 111 days, plaintiff "failed to allege facts showing that the conditions of his confinement, combined with the duration of his confinement, created an atypical and significant hardship"); *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 511 (S.D.N.Y. 2012) (holding plaintiff's complaint was "insufficient as a matter of law to trigger due process protections" where the complaint alleged no facts to show uniquely harsh conditions of confinement); *see also Hattley v. Goord*, No. 02 CIV. 2339 (WHP), 2006 WL 785269, at *4 (S.D.N.Y. Mar. 27, 2006) (holding SHU confinement of 135 days is "typical" and is not a violation of plaintiff's constitutional rights). As such, confinement claims do not implicate any liberty interest and, accordingly, may not withstand a motion to dismiss "[a]bsent additional particularized allegations regarding the harshness of the confinement". *Vogelfang*, 889 F. Supp. 2d at 511.

      Here, plaintiff does not allege what specific privileges he purportedly lost as a result of the sanction imposed. Moreover, as plaintiff only alleges he received a suspended sentence of seventy-five days in solitary with the loss of unspecified privileges, there are no allegations that plausibly

infer that plaintiff's confinement was an atypical and significant hardship. Indeed, the Honorable Thomas J. McAvoy, when confronted with this issue, dismissed these claims as ""plaintiff has not however, plead any facts related to the conditions of his SHU confinement." *Dkt. No. 23, pg. 19.* Moreover, in its decision, that Court went on to hold that:

> While confinements for less than 101 days "under normal SHU conditions may not implicate a prisoner's liberty interest," such confinements "could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions of *Sealy* or a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." Palmer, 364 F.3d at 65 (citing *Sealy v. Giltner*, 197 F.3d 578 (2d Cir. 1999)). See Dkt. 23.

As plaintiff's AC against the moving Defendants continues to lack the necessary non-conclusory allegations discussed in the Honorable Thomas J. McAvoy's Decision and Order, such claims should be dismissed against FSA McCloskey and Sergeant u for the same reasons previously held by the Honorable Thomas J. McAvoy. *See Dkt. 23*.

Even if plaintiff alleges conditions arising to atypical and significant hardship, apart from the length of the SHU confinement, which plaintiff alleges was suspended, there is no allegation that FSA McCloskey and Sergeant Pauselius were aware of, or should have been aware of, such conditions or that either defendant had the authority to remove plaintiff from the purported confinement. Accordingly, plaintiff has failed to establish any atypical and significant hardship regarding his confinement, and his due process claim should be dismissed. *See Falls*, 2019 WL 1255768, at *10 (citing *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 607 (S.D.N.Y. 2009) ("finding that a plaintiff failed to plead 'a cognizable liberty interest' based on 280 days of disciplinary confinement because the plaintiff 'failed to make any allegations detailing the conditions of his confinement..., and because the duration of his confinement was shorter than confinements that courts in this Circuit have deemed sufficient to impose per se atypical or significant hardship'").

7

### C. Plaintiff Has No Right to Be Free from False Accusations.

As plaintiff has failed to allege any due process violation occurred at either his disciplinary hearing or in the sanctions imposed, to the extent plaintiff's attempt may be liberally construed as being issued a false misbehavior report, such claims must be dismissed. "[An incarcerated individual] has no general constitutional right to be free from being falsely accused" by way of misbehavior report. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997), or by false testimony at a disciplinary hearing, *Jabot*, 2016 WL 6996173, at *1 (citing *Mitchell v. Senkowski*, 158 Fed. App'x 346, 349 (2d Cir. 2005) (summ. order)). The Second Circuit has noted two exceptions to this general rule: (1) where an incarcerated individual "was disciplined without adequate due process" as a result of the accusations; and (2) where the accusations were made "in retaliation for exercising a constitutionally protected right." *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (quotation marks and citations omitted).

As discussed above, plaintiff has failed to allege that he was disciplined without adequate due process as a result of the accusations. *See Willey*. He has also failed to allege that this was issued in retaliation. Indeed, plaintiff does not even appear to assert that the allegations in the misbehavior report were actually false. Rather, plaintiff appears to assert that he should not have been issued the report in the first place. As discussed above, however, when faced with similar issues, the Honorable Thomas J. McAvoy "because plaintiff's possession of unauthorized literature and material formed the basis for the misbehavior report that resulted in ORC John Doe #1's disciplinary determination, this retaliation claim is dismissed." *See Dkt. 23, pg. 13* (citing *Zimmerman v. Racette*, No. 917CV375 (TJM/CFH), 2020 WL 3038275, at *21 (N.D.N.Y. Jan. 24, 2020), report and recommendation adopted, 2020 WL 1329138 (N.D.N.Y. Mar. 23, 2020), held that because plaintiff admitted to possessing, prison officials had legitimate security concerns to

8

confiscate plaintiffs materials. *See Dkt. 23, pg. 10, 17*. Accordingly, plaintiff has failed to allege any violation occurred with having been issued a violation report. Moreover, plaintiff has failed to establish either exception to the general rule

Moreover, plaintiff has also not alleged that the violation was issued in retaliation for exercising a constitutionally protected right because, as discussed in the next section, he fails to identify a constitutionally protected right.

### D. Plaintiff's Participation In UFD Is Not Constitutionally Protected

UFD is an organization of incarcerated individuals that plaintiff founded and leads himself, which he describes as "almost" religious. *AC* ¶¶ 27, 30, 37. DOCCS has designated UFD an "unauthorized organization," materials of which individuals in its custody are prohibited from possessing. *AC* ¶¶ 38-39. Plaintiff was charged in the misbehavior report with possession of contraband (disciplinary rule 113.23) and unauthorized organizational activities (disciplinary rule 105.14). *AC* ¶¶ 152-155. *See* 7 N.Y.C.R.R. § 270.2 (which sets forth the disciplinary rules). Judge McAvoy concluded that plaintiff's participation in UFD was not protected and restricting him from participating in its activities was not a violation of his First Amendment rights either in its own right or as the basis of a claim for protected conduct in a retaliation claim. *Judge McAvoy's Decision and Order* at 10, 13. Plaintiff alleges no facts from which it can be concluded that the ban on UFD activities is unreasonable, and, indeed, plaintiff affirmatively alleges that the decision to deem UFD an unauthorized organization is the subject of another lawsuit. *AC* ¶¶ 46-47. In any event, the allegations reflect that FSA McCloskey and Sgt. Pauselius were not involved in the determination to deem UFD an unauthorized organization, and nothing alleged suggests that they did not act in good faith reliance on that determination. *AC* ¶¶ 149-158. To the extent plaintiff has a separate claim for the seizure of his poster, the principles are the same.

9

Accordingly, plaintiff has failed to show that the moving Defendants have violated his First Amendment rights. Plaintiff has failed to establish either exception to the general rule that an incarcerated individual has no constitutional right to be free from false accusations. Therefore, to the extent this claim has been liberally interpreted as being construed, this claim must be dismissed.

## POINT II
## PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff seeks compensatory damages against the State defendants in their official capacities. *See AC generally.* However, such claims must be dismissed as the Eleventh Amendment precludes lawsuits by a citizen of a state against that state or its agencies, absent the state's consent or a statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well settled that Congress did not intend to abrogate sovereign immunity when it enacted § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-44 (1979), and, therefore, plaintiff's claim for damages against the State Defendants in their official capacities, should be dismissed under Fed. R. Civ. P. 12(b)(1), *see Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of § 1983 claims against state officials in their official capacities on Eleventh Amendment grounds).

## POINT III
## PLAINTIFF'S STATE-LAW CLAIMS MUST BE DISMISSED

Although not specifically plead, to the extent that plaintiff is attempting to assert any state-law claims, such as various DOCCS directives not purportedly being followed, these claims must be dismissed as violations of state or administrative rules or procedures are not actionable under § 1983. *See Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir. 1987); *see also Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2002) (holding "that the failure to follow a . . . prison regulation does

not give rise to a federal constitutional claim.") (citation omitted). Moreover, *N.Y. Corr. Law § 24* bars state-law claims brought in federal court against employees of DOCCS acting within the scope of their employment. *See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996). The defendants are employees of the DOCCS, and the claims are alleged to involve their employment as DOCCS employees. Accordingly, plaintiff's state-law claims, to the extent they exist, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g., Olutosin v. Lee,* No. 14-CV-685 (NSR), 2016 WL 2899275, at *12 (S.D.N.Y. May 16, 2016) (dismissing state-law claims because they were barred by *N.Y. Corr. Law § 24*).

## POINT IV
## PLAINTIFF'S REQUEST FOR UNSPECIFIED INJUNCTIVE RELIEF SHOULD BE DISMISSED

Since plaintiff is released, his claims for declaratory and injunctive relief generally must be dismissed. *See Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020); *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). To the extent that he seeks to communicate with UDF individuals who continue to be in DOCCS custody, where a plaintiff's federal civil rights claims are dismissed, declaratory and injunctive relief claims must also be dismissed. *See, Porat v. Lincoln Towers Community Ass'n.*, No. 04-cv-3199 (LAP), 2005 WL 646093, at *7 (S.D.N.Y. Mar. 17, 2005) ("[A]ll of Plaintiff's federal claims are dismissed on the ground that he has not adequately pleaded them. Because there is no other basis for federal jurisdiction, the declaratory judgment claim is dismissed"). Here, plaintiff's *§ 1983* claims, to the extent any such claims are liberally interpreted as having been plead in this matter, should be dismissed for the reasons discussed above.

## POINT V
## STATE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity "protects government officials from liability for civil damages insofar

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). (internal quotation marks and citations omitted). Qualified immunity requires a two-part inquiry: (1) whether the facts shown "make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. at 232. "Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Messerschmidt v. Millender*, 565 U.S. 535, 132 S. Ct. 1235, 1245 (2012) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).

In regard to the first prong of this test, it must be determined whether the plaintiff alleges a violation of a federally-protected right. If the plaintiff does not meet this burden, the defendant is entitled to immunity. *Pearson*, 555 U.S. 231-32. Even if the plaintiff alleges a violation of a federal right, the defendant is still entitled to qualified immunity if the allegation suggests it would not have been clear to a reasonable official that the actions taken violated the plaintiff's clearly established federal rights. Id. When it is unclear to what extent the Circuit's decisions are consistent with Supreme Court authority, the right is not "clearly established" for qualified immunity purposes. *Reichle v. Howards*, 566 U.S. 658, 132 S. Ct. 2088, 2094 (2012).

The Supreme Court has reiterated "the longstanding principle that clearly established law should not be defined at a high level of generality" and that the clearly established law "must be particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, at 552, 196 L. Ed. 2d 463. (internal quotation marks and citations omitted) (vacating circuit court decision where the panel "failed to identify a case where an officer acting under similar circumstances as [the defendant]

12

was held to have violated the Fourth Amendment."). "To be clearly established, a right must be sufficiently clear that every 'reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate.'" *Reichle*, 566 U.S. at 659 (citation omitted) (quoting *Anderson*, 483 U.S. at 640).

The Supreme Court has consistently stressed that because qualified immunity is an immunity from suit rather than a defense to liability, courts should resolve immunity questions at the earliest possible stage in litigation. *Pearson*, 555 U.S. at 232. This is because "qualified immunity is important to society as a whole, and because as an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial." *See White*, 137 S. Ct. at 552.

Here, defendants are entitled to qualified immunity because plaintiff has failed to allege any constitutional relief. FSA McCloskey is entitled to qualified immunity because plaintiff has failed to allege what, if any, violation occurred at his hearing. There are no allegations that establish that those purported sanctions arose to the level of triggering a liberty interest. As such, it would not have been objectively clear to an officer in McCloskey's position that he was violating any established rights. Sergeant Pauselius is entitled to qualified immunity because plaintiff has failed to establish any exception to the general rule and the rule clearly does not protect individuals in plaintiff's position from being falsely accused. In any event, plaintiff does not even claim that the report issued was false and it would not have been objectively clear.  Finally, the law is not clearly established that the moving Defendants could not rely on the prior determination by DOCCS that UFD was an unauthorized organization in writing a misbehavior report, seizing his poster, and imposing disciplinary sanctions against him.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss this action with prejudice.

Dated: White Plains, New York

May 16, 2022

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
*Attorney for the Defendants*
By:

*S/ Stamatios N. Lathourakis*
Stamatios N. Lathourakis
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8621
Stamatios.Lathourakis@ag.ny.gov