UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2023

DONTIE S. MITCHELL,

                            Plaintiff,

-against-

JPAY, LLC; B. MCCLOSKEY, FOOD SERVICE ADMINISTRATOR AT FISHKILL CORRECTIONAL FACILITY; SGT. D. PAUSELIUS, SERGEANT AT FISHKILL C.F.,

                            Defendants.

21-CV-9070 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Dontie S. Mitchell ("Plaintiff") commenced the instant *pro se* action pursuant to 42 U.S.C. Section 1983, alleging, *inter alia*, violations of his First and Eighth Amendment rights in connection with his incarceration at Fishkill Correctional Facility.

Presently before the Court is Defendant Food Service Administrator Robert McCloskey ("Defendant McCloskey") and Defendant Sergeant Daniel Pauselius ("Defendant Pauselius") (collectively, "Defendants")'s motion to dismiss Plaintiffs' Amended Complaint (ECF No. 21) pursuant to Fed. R. Civ. P. 12(b)(6).

For the foregoing reasons, Defendants' motion is GRANTED.

## BACKGROUND

The allegations in the Amended Complaint ("AC") are deemed true for the purpose of resolving this motion.

Plaintiff was formerly incarcerated at Fishkill Correctional Facility ("Fishkill"), a New York State Department of Corrections and Community Supervision ("DOCCS") facility. (AC ¶

1

1.) While at Fishkill, Plaintiff founded the Ujamaa Fraternal Dynasty ("UFD"). (AC ¶ 26.) The mission of UFD was to "positively organize, motivate, inspire, educate, and mentor young prisoners and to steer them away from gangs, drugs, and violence." (AC ¶ 27.) Plaintiff submits that UFD is "not a gang," "does not promote . . . radicalization, rebellion, violence, obstruction, disobedience toward prison staff, sexism, racism, gender discrimination, or criminal activity," and "has never been involved in any disturbances . . . within DOCCS correctional facilities." (AC ¶ 34-36.) Members of UFD call one another "Ndugu," which is a Swahili word for "brothers, sisters, relatives, or comrades." (AC ¶ 29.) There are approximately twenty-five Ndugu and twenty-nine UFD prospects in DOCCS custody. (AC ¶ 37.) In addition, there are approximately five Ndugu on parole or post-release supervision. (*Id*.) DOCCS designated UFD as an "unauthorized organization." (AC ¶ 38.)

On July 22, 2021, Defendant Pauselius confiscated a paper picture poster of the UFD logo from Plaintiff's cube. (AC ¶ 149.) A few days later, Defendant Pauselius served Plaintiff a misbehavior report written by Defendant Pauselius, charging Plaintiff with violation of Prison Rule 105.14 (Unauthorized Organization) and 113.23 (Possession of Contraband). (AC ¶¶ 151-52, ¶ 155.) According to Plaintiff, Prison Rule does not prohibit the possession of a harmless logo. (AC ¶ 154.)

On August 2, 2021, Defendant McCloskey conducted the Superintendent's Hearing on Defendant Pauselius' misbehavior report. (AC ¶ 156.) During the hearing, Plaintiff asserted that the misbehavior report and the rule violations were being unconstitutionally applied to him. (AC ¶ 157.) Defendant McCloskey found Plaintiff guilty despite acknowledging "what Plaintiff was trying to do with UFD is a positive avenue for not only current prisoner but those young people on the outside." (AC ¶ 157.) Defendant McCloskey then imposed a suspended penalty of seventy-

five days in solitary confinement and loss of privileges[1], which Plaintiff avers caused him "emotional anguish and anxiety at the real possibility he could be placed back in solitary confinement." (AC ¶ 158.)

Plaintiff commenced this action in the Northern District of New York ("NDNY") on or about November 16, 2020. (ECF No. 1.) On May 20, 2021, Plaintiff's initial complaint was dismissed without prejudice for failure to state a claim. (ECF No. 15.) Plaintiff was granted leave to amend. (*Id*.) On September 13, 2021, Plaintiff filed the AC. (ECF No. 21.) On November 3, 2021, the NDNY Court issued an order deeming AC the operative pleading and transferred all claims against Defendants Pauselius, McCloskey, and JPay[2], which arise from Plaintiff's time at Fishkill, to this district. (ECF No. 23.) The NDNY Court made no ruling as to the sufficiency of the AC with respect to the transferred claims. (*Id*.) Defendants Pauselius and McCloskey filed the instant motion to dismiss on June 30, 2022. (ECF No. 34.)

**LEGAL STANDARD**

I. **Fed. R. Civ. P. 12(b)(6)**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at

---

[1] Plaintiff does not specify what the lost privileges were. (AC ¶ 158.)
[2] Defendant JPay has not appeared in this action as of the date of this opinion.

3

555. In applying these principles, the Court may consider facts alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted).

Where a plaintiff proceeds *pro se*, the court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Nevertheless, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law," *id.* at 403, and the Court's "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Davila v. Lang*, 343 F. Supp. 3d 254, 266 (S.D.N.Y. 2018) (internal citations omitted).

## II. 42 U.S.C. § 1983

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (*quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

4

**DISCUSSION**

As to the moving Defendants Pauselius and McCloskey, Plaintiff alleges (1) First Amendment retaliation; and (2) Eighth Amendment cruel and unusual punishment. The Court addresses each claim in turn.

### I. First Amendment

To state a claim of retaliation under the First Amendment, a plaintiff must plausibly allege the following: "(1) the speech or conduct at issue was protected; (2) the defendants took adverse action against the plaintiff—namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action—in other words, that the protected conduct was a substantial or motivating factor in the defendant's decision to take action against the plaintiff." *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 205–06 (N.D.N.Y. 2015) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir.2004)).

The Second Circuit has cautioned that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), overruled on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *see also Burroughs*, 138 F. Supp. 3d at 206. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 269 (N.D.N.Y. 2018) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

To prevail on a retaliation claim, a plaintiff must first assert that the plaintiff's conduct was protected by the First Amendment. Here, Plaintiff alleges that Defendant Pauselius confiscated a paper picture or poster, which bears the UFD logo, from Plaintiff's cube. Defendant Pauselius subsequently served Plaintiff a misbehavior report, based on which Defendant McCloskey conducted a hearing and imposed upon Plaintiff a suspended penalty of solitary confinement.

Even construed with special leniency, these allegations fail to establish a First Amendment retaliation claim. As an initial matter, Plaintiff acknowledges that UFD was designated by DOCCS as an "unauthorized organization," a designation in which, according to the AC, Defendants Pauselius and McCloskey played no part. As such, the only allegedly "protected conduct" relevant to Defendants Pauselius and McCloskey is Plaintiff's possession of the paper picture or poster with the UFD logo[3]. However, Plaintiff has no constitutional right to possess prohibited material pursuant to—as Plaintiff himself admits—Prison Rules 105.14 (Unauthorized Organization) and 113.23 (Possession of Contraband). *See* AC ¶¶ 38-39.

Because Plaintiff fails to plead protected conduct, Plaintiff's First Amendment retaliation claim is accordingly dismissed without prejudice.

## II. Eighth Amendment

The Eighth Amendment protects prisoners from "cruel and unusual punishment" from prison officials. *Wilson v. Seiter,* 501 U.S. 294, 296–97 (1991); *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 211 (N.D.N.Y. 2015). Prison officials violate the Eighth Amendment only when two requirements

---

[3] Whether DOCCS' designation of UFD as "unauthorized" infringes upon Plaintiff's First Amendment rights is beyond the purview of the instant motion, as Plaintiff does not allege any involvement by Defendants McCloskey and Pauselius in such designation.

are met: "(1) the alleged deprivation must, as an objective matter, be *sufficiently serious*, and (2) the alleged perpetrator—ordinarily a prison official—must possess a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted and emphasis added). In the context of prison conditions, courts have defined this culpability as "deliberate indifference" to the health and safety of inmates. *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013) (citing *Farmer,* 511 U.S. at 834; *Wilson*, 501 U.S. at 302–04; Estelle, 429 U.S. at 104).

Here, Plaintiff alleges that Defendant McCloskey, based upon Defendant Pauselius' misbehavior report, imposed a suspended penalty of seventy-five days in solitary confinement and loss of unspecified privileges. The Court cannot speculate as to what the lost privileges were. Regardless, a suspended penalty of solitary confinement—notwithstanding the resulting "emotional anguish and anxiety"—objectively falls far short of the seriousness required for an Eighth Amendment violation. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) ("[T]he Constitution does not mandate comfortable prisons, and prisons . . . cannot be free of discomfort."); *cf. Randle v. Alexander*, 960 F. Supp. 2d 457, 475 (S.D.N.Y. 2013) (Eighth Amendment violation sufficiently pled when forced fight between inmates resulted in death of one participant and subsequent cover-up by prison officials).

Accordingly, Plaintiff's Eighth Amendment claim against Defendants McCloskey and Pauselius is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the AC. Plaintiff is granted leave to file a Second Amended Complaint (SAC). If Plaintiff chooses to do so, he will have until February 27, 2023, to file the SAC.  Defendants are then directed to answer or otherwise respond by March 29, 2023.

If Plaintiff fails to file a SAC on or before February 27, 2023, any claims dismissed without prejudice by this opinion and order will be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to *pro se* Plaintiff, to show service on the docket, and to terminate the motion at ECF No. 33.

Dated: January 27, 2023
White Plains, New York

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE